# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2150
Lower Tribunal No. 18-21333
_____

**Carmen Rita Perez Pellerano, et al.,**
Appellants,

vs.

**Luis Alvarez Renta, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

Vazquez & Associates, and Steven B. Herzberg, for appellants.

Karen B. Parker, P.A., and Karen B. Parker, for appellees.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

Appellants, Carmen Rita Perez Pellerano and 3511 Alhambra, LLC (the defendants below), appeal the trial court's amended final summary judgment entered in favor of Luis Alvarez Renta and Ines Maria Alvarez Perez (the plaintiffs below) on plaintiffs' quiet title action on property located in Coral Gables.

Upon our de novo review, <u>Volusia Cty. v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126, 130 (Fla. 2000), plaintiffs, as the movants seeking summary judgment on their claim, met their burden to "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," <u>see</u> Fla. R. Civ. P. 1.510(a),[1] and appellants thereafter failed to meet their corresponding burden to come forward with an affidavit or other proof to show the existence of a genuine dispute as to a material fact, <u>see</u> Fla. R. Civ. P. 1.510(c)-(e). We therefore hold that the trial court properly entered final summary judgment, and affirm. <u>See</u> <u>Romero v. Midland Funding, LLC</u>, 358 So. 3d 806, 808 (Fla. 3d DCA 2023) ("Under the newly amended rule, summary judgment is appropriate when 'the evidence

---

[1] Because the trial court adjudicated this motion after May 1, 2021, the recently-adopted summary judgment rule 1.510 applied. <u>See</u> <u>In re Amendments to Florida Rule of Civil Procedure 1.510</u>, 317 So. 3d 72, 77 (Fla. 2021) ("New rule 1.510 takes effect on May 1, 2021. This means that the new rule must govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases").

is such that a reasonable jury could not return a verdict for the nonmoving party.' In re Amends. to Fla. R. Civ. P. 1.510, 317 So. 3d 72, 75 (Fla. 2021) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). When seeking summary judgment, the moving party must identify 'each claim or defense—for the part of each claim or defense—on which summary judgment is sought.' Fla. R. Civ. P. 1.510(a). Once the party moving for summary judgment satisfies this initial burden, the burden then shifts to the nonmoving party to come forward with evidence demonstrating that a genuine dispute of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (noting that the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial') (quoting Fed. R. Civ. P. 56))"); Mane FL Corp. v. Beckham, 355 So. 3d 418, 425 (Fla. 4th DCA 2023) ("The 'mere existence of a scintilla of evidence' is not sufficient to defeat summary judgment.") (quoting Liberty Lobby, 477 U.S. at 252). See also Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467-68 (Fla. 3d DCA 2022) ("Under the new summary judgment rule, '[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe

3

it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'") (quoting <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007)); <u>Garbark v. Gayle</u>, 312 So. 3d 1286, 1288-89 (Fla.1st DCA 2021) (distinguishing acceptable "self-serving" affidavits based on personal knowledge from those framed solely in terms of conclusions of law).

Affirmed.